UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN E. KESTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:20-cv-1366 (RDA/IDD) |
| ALAN COOK, *et. al.*, | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

This Matter is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion"), pursuant to Fed. R. Civ. P. 55(a), against Defendants Alan Cook, Metropolitan Aviation, LLC and Metropolitan Jets, LLC, in the amount of $140,407.25, consisting of lost wages, compensatory damages, and post judgment collection attorney's fees and costs. [Dkt. No. 11]. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendants.

## I.  INTRODUCTION

On November 12, 2020, Plaintiff filed this action under 49 U.S.C. § 42121(6)(A) and the implementing regulation 29 CFR § 4979.113 (collectively, "Acts"). *See* Compl. at 1. These Acts allow parties to enforce orders from the United States Department of Labor. In his Complaint, Plaintiff seeks an Order from this Court enforcing the Department of Labor's findings of retaliatory termination and its remedial order requiring Plaintiff be reinstated and awarded damages. *Id.*

### A. Jurisdiction and Venue

For a court to render default judgment against a party, it must have subject matter and
1

personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 49 U.S.C. § 42121(6)(A). Under 49 U.S.C. § 42121(6)(A), when a person on whose behalf an order was issued, commences a civil action against the person to whom such order was issued, the appropriate United States district court shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to enforce such order. As Plaintiff is the person to whom the Department of Labor issued a final order pursuant to section 42121(3), this Court has subject matter jurisdiction over Defendants.

While not addressed in either the Complaint or the Plaintiff's Memorandum in Support of Default Judgment, for this Court to exercise personal jurisdiction over the defaulting Defendants, two requirements must be satisfied. First, Virginia's long-arm statute must authorize the exercise of jurisdiction. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India,* 551 F.3d 285, 292 (4th Cir. 2009). Second, if that authorization exists, then the Due Process Clause of the Fourteenth Amendment requires that the defaulting defendants have sufficient minimum contacts with the forum state. *Christian Sci. Bd. Of Dirs. of the First Church of Christ, Scientist v. Nolan,* 259 F.3d 209, 205 (4th Cir. 2001). Particularly, the Defendants' conduct must have such a connection with Virginia that it is fair for Defendants to be required to defend themselves in a court in the Commonwealth. *Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

In the instant case, the exercise of personal jurisdiction under Virginia's long-arm statute is proper. The actions alleged in the Complaint indicate that Defendant, Alan Cook, is a resident of Virginia, and Defendants Metropolitan Jets and Metropolitan Aviation, LLC are Virginia entities with their principal places of business in the Commonwealth of Virginia. Compl. ¶¶ 2-3.

Finally, as to venue, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as

Defendants are all residents of or incorporated in the Commonwealth of Virginia. *Id.* Additionally, Plaintiff worked for Defendants in Virginia and the events giving rise to this action all occurred in Virginia. Compl. ¶ 5. Therefore, venue is appropriate in this Court.

### B.  Service of Process

Pursuant to Fed. R. Civ. P. 4(e)(2)(A), service may be effectuated by delivering a copy of the summons and the complaint to the individual personally. FED. R. CIV. P. 4(e)(2)(A). Furthermore, under Fed. R. Civ. P. 4(h), service upon a corporation, partnership or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1) of that rule, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…" FED. R. CIV. P. 4(h). The defaulting Defendants were all served on December 3, 2020 by private process server. *See* Pl.'s Mem. in Supp. of Summ. J. at 2, Dkt. No. 12.  The Complaint and Summons were personally served on Defendant Alan Cook at his place of residence.  *Id*.  Accordingly, the undersigned finds that service of process is proper in this action.

### C.  Grounds for Default

Plaintiff filed his Complaint on November 12, 2020.  Dkt. No. 1.  Defendants have failed to appear, answer, or file any other responsive pleadings in this matter.  On December 30, 2020, the Honorable Rossie D. Alston, United States District Judge for the Eastern District of Virginia, ordered that Plaintiff immediately obtain an entry of default against the Defendants. Dkt. No. 9. The Clerk of the Court entered default against the Defendants on December 30, 2020. Dkt. No. 10. On January 15, 2021, Plaintiff filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on January 22, 2021. Dkt. Nos. 11, 14. After Defendants failed to appear at the January 22, 2021 hearing, the undersigned Magistrate Judge took this matter under advisement

to issue this Report and Recommendation.

## II.     EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its

face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the findings of the Secretary of Labor; and the Supplemental Memorandum in Support of Motion for Entry of Default Judgment.[1]

Plaintiff John Kestler was employed by Defendants Alan Cook, Metropolitan Jets, and Metropolitan Aviation, LLC until his termination on May 5, 2016. Compl. ¶ 1. Defendant Alan Cook is the president of Metropolitan Jets and Metropolitan Aviation, LLC (collectively, "Metro Jets"), which are Virginia entities with their principal places of business in the Commonwealth of Virginia. *Id*. ¶¶ 2-3. Metro Jets are air carriers within the meaning of 49 U.S.C. § 42121 and 49 U.S.C. § 40102(a)(2). *Id.* ¶ 3.

On or about April 27, 2016, Plaintiff filed a formal whistleblower complaint concerning alleged adverse actions taken against him by the Defendants with the Occupational Safety and Health Administration ("OSHA"). *Id.* ¶ 6. In that regard, Plaintiff was directed by Defendants' Director of Maintenance to sign off on an aircraft that was not airworthy due to issues concerning the brakes and the fuel filters. *Id.* ¶¶ 6-7. When Plaintiff expressed his objections regarding the

---

[1] Because Defendant failed to answer Plaintiffs' Complaint, Defendant admits Plaintiffs' factual allegations. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FED R. CIV. P. 8(b)(6); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

Defendants' directives and informed Defendants' president, Mr. Cook, that he would be contacting the Federal Aviation Administration ("FAA"), he was terminated the following day. *Id.* ¶¶ 7-8.

Plaintiff then filed a formal complaint with the Secretary of Labor alleging Defendants retaliated against him by terminating him after engaging in protected activity. *Id.* ¶ 9. After conducting an investigation, the Department of Labor found the termination was retaliatory, concluding there was temporal proximity between the protected activity and adverse action, that Cook's explanations were inconsistent and likely pretext for discrimination, and that Cook often retaliated against whistleblowers who refused to flout FAA and safety regulations. *Id.* Finding no basis in law or admitted fact to challenge the Secretary of Labor's findings, the undersigned agrees with and adopts the findings of the Secretary of Labor.

Pursuant to the Secretary of Labor's November 13, 2019 Order, Defendants were required to reinstate Plaintiff to his former position at an annual salary of $65,000, pay Plaintiff back pay of $185, 250 minus interim earnings, and pay compensatory damages, *inter alia*. Compl. ¶ 10. Plaintiff now seeks judgment in his favor in the amount of $140,407.25 which includes lost wages of $79,118.76, compensatory damages of $18,655, attorney's fees of $19,278.70, and post judgment collection attorney's fees and costs of $17,500. Pl.'s Supplemental Mem. in Supp. of Mot. for Entry of Default J. at 4, Dkt. No. 15.

### A. Lost Wages and Compensatory Damages

Pursuant to 49 U.S.C. § 42121(b)(3)(6), the district court reviewing the civil action may enforce such order and in issuing any final order, may award costs of litigation to any party whenever the court determines such award is appropriate. The Remedial Order issued by the Secretary of Labor ("Remedial Order"), instructed that Plaintiff be compensated for the recovery of lost wages until Defendants made a "bona fide offer of reinstatement." Pl.'s Mem. in Supp. of

Summ. J. at 6, Dkt. No. 12. Plaintiff's annual salary was $65,000 and the Secretary of Labor determined that Plaintiff was entitled to $185, 250 from the date of termination, (May 6, 2016) to the date of the Remedial Order (November 13, 2019). *Id.* To date, there has been no bona fide offer of reinstatement made to Plaintiff. Accordingly, the lost wages through date of judgment would be $79,118.76. *Id.* ¶ 10.

Plaintiff also seeks the interest on those lost wages which totals $5,854.79. *Id.* ¶ 11. The Remedial Order instructed that Plaintiff is entitled to pre-judgment interest on the back wages pursuant to 26 U.S.C. § 6621(a)(2), which establishes the underpayment rate as the sum of the Federal short-term rate plus 3 percentage points. *Id.* ¶ 10. The average rate during the period when interest should be applied to Plaintiff's back pay award was 7.4%. *Id.*

| Period | Lost wages calculated | Lost wages' interest calculated at 7.4% |
|---|---|---|
| Jan. 1, 2016 – Dec. 31, 2016 | $28,913.00 | $2,139.56 |
| Jan. 1, 2017 – Dec. 31, 2017 | $17,000.00 | $1,258.00 |
| Jan. 1, 2018 – Dec. 31, 2018 | $15,000.00 | $1,110.00 |
| Jan. 1, 2019 – Dec. 31, 2020 | $11,000.00 | $814.00 |
| Jan. 1, 2020 – Dec. 31, 2020 | $7,000.00 | $518.00 |
| Jan. 1, 2021 – Jan. 22, 2021 | $205.76 | $15.23 |
| | *Total lost wages=* *=$79,118.76* | *Total interest = $5,854.79* |

Plaintiff is also entitled to compensatory damages of $18,655, consisting of $4,080 in medical plan payments to his wife's health insurance policy and $14,575.00 in expenses for the value of Plaintiff's personal tools retained by Defendants and the cost of new equipment

purchased by the Plaintiff as a result of his wrongful termination. *Id.* ¶ 11.

### B. Attorney's Fees and Post Judgment Collection Costs

Plaintiff also seeks attorney's fees to date in the amount of $19,278.70. *Id.* ¶¶ 12, 16. As evidenced by Plaintiff's Motion for Default Judgment and supporting documentation therein, Plaintiff's counsel worked 41.75 hours on Plaintiff's claim at an hourly rate of $550 and his paralegal worked 9.75 hours at an hourly rate of $125. *Id.* ¶ 16. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable.

Plaintiff anticipates there will be additional costs and resources expended on post judgment collection efforts, specifically hiring a third-party professional to locate and track Defendants' assets. Pl.'s Supplemental Mem. in Supp. of Mot. for Entry of Default J. at 3, Dkt. No. 15. Plaintiff seeks an additional award in the amount of $17,500, consisting of $3,500 in expenses and $14,000 of labor at the rate of $400 per hour for 35 hours. *Id.* However, Plaintiff's counsel did not cite any legal authority to support these expenses, nor did he provide any specific information regarding the third-party professional he would need to hire to locate Defendants' assets. The undersigned recommends denying the request for post judgment collection costs without prejudice as the request is premature and lacks sufficient factual basis.

Therefore, the undersigned recommends an award of $19,278.70 in attorney's fees.

### RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of John Kestler against Alan Cook, Metropolitan Aviation, and Metropolitan Jets. In sum, Plaintiff is entitled to lost wages of $79,118.76, interest on lost wages of $5,854.79, compensatory damages in the amount of $18,655, and attorney's fees in the amount of $19,278.70, for a grand total of

$122,907.25.

## IV. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Alan Cook
1800 Jonathan Way, #714
Reston, VA 20190

Metropolitan Aviation
1800 Jonathan Way, #174
Reston, VA 20190

Metropolitan Jets
1800 Jonathan Way, #714
Reston, VA 20190

                                                       /s/ Ivan D. Davis
                                                       Ivan D. Davis
                                                       United States Magistrate Judge

September 13, 2021
Alexandria, Virginia